JUDGE SIMPSON
delivered the opinion oe the court:
This action was brought against the Western Union Telegraph Company for failing to transmit correctly a communication from the appellant, at Louisville, to David Gibson & Co.,, at Cincinnati. The plaintiff alleged in his petition that the) defendant undertook, for compensation then paid, to transmit) from Louisville, Kentucky, to David Gibson & Co., of Cincinnati, Ohio, a proposition to purchase two hundred barrels of whisky at fifteen cents per gallon; and that instead of trans-'tmitting the proposition correctly, the communication, as made, (represented him as offering sixteen cents per gallon for the whisky. lie also alleged that Gibson & Co. advised him that they accepted his proposition, and immediately forwarded to him two hundred barrels of whisky, under the belief that he had offered them sixteen cents per gallon for it, which was received by him under the belief that it had been sold to him at fifteen cents per gallon. He further alleged, that in consequence of the failure of the defendant to transmit the message intrusted to it, and the transmission by it of a message of a different import, he was compelled to pay sixteen cents per' gallon for the whisky, and had thereby sustained a loss to the^* amount of one hundred dollars. ^
The Telegraph Company, by way of defense, relied upon a notice of the terms and conditions on which messages were received by it for transmission, which, so far as they are applicable to the present case, are as follows:
“ The public are notified, that in order to guard against mistakes in the transmission of messages, every message of importance ought to be repeated, by being sent back from the station at which it is to be received, to the station from which it is originally sent. Half the usual price for transmission will be charged for repeating the message. This Company will not be responsible for mistakes or delays in the transmission or delivery of unrepeated messages, from whatever cause they may arisen
It was alleged in the answer that the plaintiff had notice of the aforesaid terms and conditions, and sent the message sub *167 ject to them, but did not require the message to be repeated, nor pay, nor agree to pay, for its repetition.
There is no allegation in the plaintiff’s petition that the t mistake was occasioned by negligence, or was the result of1 incompetency or want of proper skill on the part of the agents who were employed by the Company to act as operators in the sending and receiving of dispatches; but the failure of the Company to comply with its contract to transmit the message correctly, is alone relied upon as the foundation of the plaintiff’s right to a recovery in the action.
The proof shows that it is impracticable to transmit telegraphic communications with absolute accuracy at all times; ánd that such communications, from the very nature of the medium through which they are made, are subject not only to occasional interruptions and delays, but also to inaccuracies in words and expressions. It may be, therefore, reasonably pre-\ sumed that the failure to deliver this message correctly, was the result of a mistake to which such communications are liable, and which will sometimes occur, even where the utmost care and skill are exercised.
The question then is, was the Company bound at all events to transmit the dispatch accurately, or had it the legal right to modify its liability, by giving a public notice, and bringing it home to the plaintiff, of the terms and conditions on which alone it would be bound for mistakes in the transmission of messages ?
' It is contended that the responsibility of the Company is fixed and defined by law, and cannot be changed or modified by any terms or conditions that the Company may think proper to prescribe.
It can hardly be doubted that the Company and the person sending a message, might, by express contract, regulate the extent of the liability of the former for any mistake that might occur. Here, however, there was no express contract between the parties, but the Company gave notice of the terms and conditions upon which it was willing to be responsible, and the plaintiff acted under that notice in sending the message.
*168 We do not deem it necessary to decide, in this case, to what extent a telegraph company has a right to limit its liability by a notice to those for whom it undertakes to transmit messages. All that we are now required to decide is, whether the condi- j tion which the Company relied on in this case is reasonable,y and such a one as it had a right to prescribe.
The public are admonished by the notice, that in order to guard against mistakes in the transmission of messages, every message of importance ought to be repeated. A person desiring to send a message, is thus apprised that there may be a mistake in its transmission, to guard against which it is necessary that it should be repeated. He is also notified that if a I mistake occur the Company will not be responsible for it unlessK the message be repeated. There is nothing unreasonable in \ this condition. It gives the party sending the message the \ option to send it in such a manner as to hold the Company 'j responsible, or to send it for a less price at his own risk. If /' the message be unimportant, he may be willing to risk it with- ~'/ out paying the additional charge. But if it be important, and he wishes to have it sent correctly, he ought to be willing to pay the cost of repeating the message. This regulation, considering the accidents to which the business is liable, is obvi-^ ously just and reasonable. It does not exempt the Company' from responsibility, but only fixes the price of that responsibility, and allows the person who sends the message, either to i transmit it at his own risk, at the usual price, or by paying, iii / addition thereto, half the usual price, to have it repeated, and thus render the Company liable for any mistake that may/ — occur.
The plaintiff must, therefore, be regarded as having sent the message in this case at his own risk, inasmuch as he failed to have it repeated, and consequently the Company was not liable for the mistake. It is unnecessary, therefore, to decide whether the plaintiff was legally responsible for the sixteen cents per gallon for the whisky, or only for the price which he actually offered.
Wherefore, the judgment of the chancellor dismissing the plaintiff’s petition is affirmed.